**Zameer R. AZAM, Petitioner–Appellant,**

v.

**Rick HILL, Warden; et al., Respondents–Appellees.**

**No. 12–15656.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2014.

Filed July 16, 2014.

Brandon M. LeBlanc, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Petitioner–Appellant.

Zameer R. Azam (-: V–59327) Attorney Status: Pro Se.

* The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior District Judge.*

MEMORANDUM **

We review a district court's dismissal of a habeas petition as untimely de novo, *Banjo v. Ayers,* 614 F.3d 964, 967 (9th Cir.2010), and its factual findings for clear error, *Stancle v. Clay,* 692 F.3d 948, 953 (9th Cir.2012).

Notwithstanding the district court's incorrect application of *Sherwood v. Tomkins,* 716 F.2d 632 (9th Cir.1983), in dismissing Azam's first federal habeas petition, *see Henderson v. Johnson,* 710 F.3d 872, 874 (9th Cir.2013), Azam's second federal habeas petition cannot relate back to his first federal habeas petition.[1] *See Rasberry v. Garcia,* 448 F.3d 1150, 1155 (9th Cir.2006) ("[A] habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition."). Therefore, his second federal habeas petition was untimely. *See* 28 U.S.C. § 2244(d)(1).

Nevertheless, Azam is entitled to equitable tolling. *See Butler v. Long,* 752 F.3d 1177, 1181 (9th Cir.2014). In dismissing Azam's first federal habeas petition, the district court failed to consider Azam's re-

1. Azam claims, and the Government agrees, that Azam's first federal habeas petition was a mixed petition with exhausted and unexhausted claims. Therefore, the district court's obligations under *Henderson* to "grant leave to amend" a mixed petition "and, if requested, . . . consider a petitioner's eligibility for a Stay" apply to this case. 710 F.3d at 874.

quest for a stay and did not give Azam "the option to amend the mixed petition to remove the unexhausted claims." *Id.* Therefore, its dismissal of Azam's second habeas petition as untimely was improper. *Id.* In such circumstances, "the petitioner is entitled to equitable tolling of the AEDPA statute of limitations from the date the mixed petition was dismissed until the date a new federal habeas petition is filed, assuming ordinary diligence." *Id.* (internal quotation marks omitted).

The government claims Azam waived both the relation back and equitable tolling arguments. However, in our discretion we find that Azam, as a pro se petitioner, sufficiently alleged these claims in his petitions. *See Trigueros v. Adams,* 658 F.3d 983, 988 (9th Cir.2011).[2]

**REVERSED and REMANDED.**

---

**2.** We decline to grant Azam's request for a certificate of appealability as to the remaining issues raised in his opening brief. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (A certificate of appealability may only issue "where a petitioner has made a 'substantial showing of the denial of a constitutional right.' ").